IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER CALE JAMESON　　　　　　　　　　　　　　PLAINTIFF
SANTIAGO-SANTANA

v.　　　　　　　　　　　　　　CIVIL NO. 21-6169

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration　　　　　　　　　　　　　　DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Christopher Cale Jameson Santiago-Santana, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for child disability insurance benefits (CDIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for CDIB and SSI on May 1, 2019, alleging an inability to work since August 30, 2005, due to a coordination disorder, migraines, acid reflux, asthma, insomnia, delayed development, gynecomastia, delayed puberty, bipolar disorder, post-traumatic stress disorder, general anxiety, social communication disorder, sensory processing disorder and disruptive impulse control conduct disorder. (Tr. 101, 235). An administrative telephonic hearing was held on October 27, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 55-97).

By written decision dated November 25, 2020, the ALJ found Plaintiff had not attained the age of 22 as of the alleged onset date. (Tr. 19). The ALJ found Plaintiff had not engaged in substantial gainful activity since August 30, 2005. (Tr. 19). The ALJ found Plaintiff had the following severe impairments: bipolar disorder, generalized anxiety disorder, a learning disorder, attention deficit hyperactivity disorder (ADHD), an adjustment disorder, post-traumatic stress disorder (PTSD), depression, insomnia, a social communication disorder, oppositional defiant disorder, a math disorder and separation anxiety disorder. (Tr. 19). However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant is limited to simple work-related decisions; can maintain concentration, persistence, and pace for simple tasks; can understand, carry out, and remember simple work instructions and procedures; can adapt to changes in the work setting which are simple, predictable and can be easily explained; and occasional and superficial interaction with co-workers, supervisors, and the public.

(Tr. 21-22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a dishwasher, a kitchen helper, and a housekeeper. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff, denied that request on November 10, 2021. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues that substantial evidence does not support the ALJ's finding that Plaintiff does not meet a Listings 12.04, 12.06, 12.08, 12.11 and 12.15. (ECF No. 13). Defendant argues that substantial evidence supports the ALJ's Step Three finding, and that the ALJ's hearing decision. (ECF No. 14). The Court has reviewed the entire transcript and the parties' briefs.

In the present case, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of Listings 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), 12.08 (personality and impulse-control disorders), 12.11 (neurodevelopmental disorders), or 12.15 (trauma-and stressor-related disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.02, 12.06, 12.08, 12.11, 12.15. In doing so, the ALJ addressed the Paragraph B criteria and found Plaintiff had mild limitations in understanding, remembering, or applying information; moderate

limitations in interacting with others; moderate limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing himself. In making this determination, the ALJ found the record showed Plaintiff had normal cognition, and intact comprehension and memory; that Plaintiff interacted appropriately at the hearing; that medical records revealed Plaintiff was routinely noted to have normal eye contact and a cooperative behavior; that Plaintiff could count change, use a computer, play video games, and spend time on his phone; and that Plaintiff reported the ability to take care of his personal needs and was routinely noted to have a good general appearance. The record revealed Plaintiff's history of some impulsive or aggressive behavior; however, "[t]he mere fact that some evidence may support a conclusion opposite to that reached by the Commissioner does not allow this Court to reverse the decision of the ALJ." *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). In this case, the record as a whole supports the ALJ's conclusion that Plaintiff's impairments do not meet or medically equal a Listing.

In determining Plaintiff's RFC, the ALJ considered the medical assessments of treatment providers and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. With respect to the treating and non-examining medical opinions (Dr. Genevieve Gabriel, Dr. Mindy Lester, Dr. Brian Kubacah, Dr. Charles Friedman, Dr. Clarence Ballard, Dr. Teresa Kramer and Dr. Rachel Morrisey), the ALJ articulated the supportability and consistency of each opinion with the record as a whole and determined the level of persuasiveness. The ALJ acknowledged Plaintiff's ongoing mental health treatment, to include hospitalization from May 7, 2018, through May 11, 2018. However, the ALJ also discussed evidence of record that revealed Plaintiff responded well to both individual counseling and medication. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (Impairments that are controllable or amenable to

treatment of not support a finding of total disability). During the time period in question, Plaintiff was able to take care of his personal needs; to perform light household chores, to include taking the trash to the curb for a neighbor; to complete high school with the benefit of special education classes; to seek employment; to prepare to attend college; and to play video games, use a computer and watch television. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 19th day of August 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE